NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3743
_____

PRICASPIAN DEVELOPMENT CORPORATION;
JACK GRYNBERG; GRYNBERG PETROLEUM COMPANY

v.

WILLIAM C. MARTUCCI; YAMEL GONZALEZ; BARBARA QUEEN, A/K/A
BARBARA CARR-QUEEN; RICHARD SCHAEFER; JOSEPH SCHAEFER;
ANTHONY STERBENS; POS SYSTEMS, INC; FIRST UNITY, INC., A NEVADA
CORPORATION; FIRST UNITY, INC.,  A NEW JERSEY CORPORATION; E-CASH,
INC., A DELAWARE CORPORATION; E-CASH, INC., A NEW JERSEY
CORPORATION; E-CASH, INC., A NEVADA  CORPORATION;
MANUFACTURERS MARKETING GROUP, INC., A NEW JERSEY
CORPORATION; UNITED GROCERS CLEARING HOUSE, INC., A NEW JERSEY
CORPORATION; ATM MANAGEMENT, INC.; ATM MANAGEMENT DE PUERTO
RICO INC; JOHN & JANE DOES (1-20); ABC COMPANIES (1-10)

(D. N.J. No. 2-11-cv-01459)
_____

PRICASPIAN DEVELOPMENT CORPORATION;
JACK GRYNBERG; GRYNBERG PETROLEUM COMPANY

v.

GERARDO GONZALEZ; TERESA CORCORAN-SCHAEFER; DEVYN SCHAEFER;
PAULA STERBENS; RETAIL MARKETING GROUP, INC.; BARBARA QUEEN,
I/T/F JOHN CARR; MARKETING DIGEST, INC.; THE CIRCLE M. GROUP. INC.;
CAS SERVICES, INC.; SMART MONEY. INC.; SOVEREIGN BANK; WELLS
FARGO BANK, A DELAWARE CORPORATION, F/K/A WACHOVIA BANK; JOHN
& JANE DOES (1-20); ABC COMPANIES (1-10); DEF BANKS (1-10)

(D. N.J. No. 2-13-cv-00549)

PRICASPIAN DEVELOPMENT CORPORATION;
JACK GRYNBERG; GRYNBERG PETROLEUM COMPANY,

Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-11-cv-01459
District Judge: Honorable Stanley R. Chesler
District Court No. 2-13-cv-00549
District Judge: Honorable Kevin McNulty

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 14, 2018

Before: SMITH, *Chief Judge*, McKEE, and FISHER, *Circuit Judges*

(Filed: January 9, 2019)
_____

OPINION[*]
_____

SMITH, *Chief Judge.*

Pricaspian Development Corporation, Jack Grynberg, and Grynberg Petroleum

Company obtained a $3.6 million judgment in Colorado state court against First Unity,

Inc., a company in which they had invested.  But First Unity's owner (William Martucci),

his family, and business associates allegedly transferred large amounts of money from

that company— through various corporate entities—to POS Systems, Inc. in order to

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

prevent Pricaspian, Grynberg, and Grynberg Petroleum from recovering on their judgment.

Pricaspian, Grynberg, and Grynberg Petroleum brought this diversity suit against Martucci, First Unity, POS Systems, various members of Martucci's family, some of Martucci's business associates, and the corporate entities through which the money allegedly passed. Plaintiffs alleged that defendants violated New Jersey's Uniform Fraudulent Transfer Act, N.J. Stat. § 25:2–20, and conspired to violate this statute. The District Court dismissed with prejudice plaintiffs' claims against Martucci and one of his business associates, concluding that the fourth amended complaint did not provide a sufficient factual basis to state a claim for relief. The Court also granted the motion of Martucci's daughter for judgment on the pleadings, deciding that there were inadequate facts "to state any valid claim." Plaintiffs then moved for leave to file a fifth amended complaint that contained new allegations against Martucci and his brother. The Court denied the motion, concluding that amendment would be futile.

Plaintiffs argue on appeal that they stated plausible claims that defendants violated the Uniform Fraudulent Transfer Act and conspired to violate the Act and that the District Court erred by concluding otherwise. They add that the Court abused its discretion by denying them leave to file a fifth amended complaint. We reject these arguments because plaintiffs failed to comply with Federal Rule of Civil Procedure 9(b)'s mandate to state

"with particularity the circumstances constituting fraud" and the District Court permissibly denied plaintiffs' motion for leave to amend. We will therefore affirm.[1]

I.

Pricaspian, Grynberg, and Grynberg Petroleum purchased $1 million of stock in First Unity, Inc.,[2] a company owned and operated exclusively by William Martucci. After First Unity received the money, Martucci converted it by transferring it to various corporate entities, including E-Cash, Inc.,[3] a company he owned with his daughter (Yamel Gonzalez) and "a business associate" named Barbara Queen. About five years after investing the money, plaintiffs obtained a $3.6 million judgment against First Unity and E-Cash in Colorado state court. After plaintiffs obtained this judgment, Martucci attempted to prevent them from recovering by transferring money from First Unity and E-Cash through various corporate entities to another company called POS Systems, Inc. Gonzalez, an employee of POS Systems, then "issued checks payable to cash," and Martucci's brother, Gary, "made the money available to defendant William Martucci and/or other defendants."

Plaintiffs sued William Martucci, Gary Martucci, Yamel Gonzalez, Barbara

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291.
[2] "First Unity, Inc." exists as distinct corporations (with the same name) in two states, but we refer to them collectively as "First Unity, Inc."
[3] "E-Cash, Inc." exists as distinct corporations (with the same name) in three states, but we refer to them collectively as "E-Cash, Inc."

4

Queen, POS Systems, First Unity, E-Cash, and various other business associates of William Martucci and corporate entities in federal court. In their fourth amended complaint, plaintiffs made the allegations outlined above and asserted that the defendants had violated the New Jersey Uniform Fraudulent Transfer Act, N.J. Stat. § 25:2–20, and conspired to violate the Act.[4]

Gonzalez moved for judgment on the pleadings, and Queen and William Martucci moved to dismiss the fourth amended complaint. The District Court granted the motions and dismissed the claims against these defendants with prejudice. As to Gonzalez, the Court ruled that plaintiffs' allegations (that she issued checks as an employee of POS Systems and had shares of E-Cash, which transferred money to POS Systems) did not "provide a sufficient factual basis to make plausible any claim" against her. Regarding Queen, the Court similarly determined that the allegations involving her (that she also had shares of E-Cash and "received transfers of money from First Unity") were insufficient "to state any valid claim." And as to William Martucci, the Court concluded that the complaint "does not plead facts which make plausible the inference that [he] made these transfers with the intent to prevent collection of the judgment against First Unity and E-Cash."

Plaintiffs moved for leave to amend and attached a proposed fifth amended complaint that differs only slightly from the prior complaint. Plaintiffs added the allegation that William Martucci "transferred" $7.7 million to his brother, Gary,

---

[4] Plaintiffs asserted other claims too but have abandoned them on appeal.

by giving him checks from E-Cash—approximately $1 million of which Gary cashed.

The District Court denied plaintiffs leave to amend their complaint, concluding that the fifth amended complaint did not state a claim for relief so the amendment would be futile. The Court ruled that plaintiffs' allegations were too conclusory to state a claim for relief. Plaintiffs moved for reconsideration, but the Court denied the motion, deciding that "[t]here is nothing new here, nothing that this Court has overlooked, that warrants reconsideration." The District Court determined that no active claims remained and closed the case.

## II.[5]

As defendants Queen and William Martucci correctly point out, Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to plaintiffs' claims under the Uniform Fraudulent Transfer Act. *See MSKP Oak Grove, LLC v. Venuto*, 875 F. Supp. 2d 426, 434 (D. N.J. 2012); *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 538–39 (D. N.J. 2008). The District Court did not apply Rule 9(b)'s particularity requirement to plaintiffs' claims under the Act, so plaintiffs contend that this "Court

---

[5] We exercise plenary review over the District Court's grant of Gonzalez's motion for judgment on the pleadings, *see Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017), and Queen's and Martucci's motions to dismiss for failure to state a claim for relief. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007). We apply the abuse-of-discretion standard to review the District Court's denial of leave to amend, but exercise plenary review over the District Court's legal determination that further amendment

6

should decline to rule on" Rule 9(b)'s applicability to their claims. But because our review of the District Court's dismissal of the fourth amended complaint is plenary, the District Court's analysis does not frame our review of the fraud claims. To satisfy Rule 9(b), a plaintiff "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

Plaintiffs contend that they have stated claims for relief under New Jersey's Uniform Fraudulent Transfer Act, N.J. Stat. § 25:2-20. To state a fraudulent-conveyance claim, a plaintiff must allege that (1) "the debtor [or person making the conveyance] has put some asset beyond the reach of creditors which would have been available to them at some point in time but for the conveyance"; and (2) "the debtor transferred property with an intent to defraud, delay, or hinder the creditor." *Gilchinsky v. Nat'l Westminster Bank N.J.*, 732 A.2d 482, 488–89 (N.J. 1999) (internal quotation marks and citation omitted); *see also* N.J. Stat. § 25:2–25. Plaintiffs contend that they satisfied the first element because they alleged that William Martucci wrote checks from First Unity to various corporate entities to "obstruct" plaintiffs from recovering on their court judgment. These allegations lack sufficient precision to satisfy Rule 9(b). Plaintiffs provide no details about when any of the fraudulent transactions occurred, where they occurred, or how much money was transferred during any of these transactions. Because plaintiffs did not

---

would have been futile. *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908 F.3d 872, 878 (3d Cir. 2018).

plead with particularity the first fraudulent-conveyance element, the District Court correctly dismissed this claim.

Plaintiffs next contend that they stated a claim that William Martucci, Gonzalez, and Queen conspired to violate New Jersey's Uniform Fraudulent Transfer Act. To state such a claim, a plaintiff must allege an agreement to participate in a fraudulent transfer violating the Act and "an overt act that results in damage." *LoBiondo v. Schwartz*, 970 A.2d 1007, 1029–30 (N.J. 2009) (internal quotation marks and citation omitted). In support of their argument that they stated a claim, plaintiffs point to their allegations that (1) William Martucci "conspired" with other defendants "to conceal money transfers in order to hinder and obstruct any levy upon assets of defendants First Unity and E-Cash"; and (2) William Martucci transferred money from First Unity and E-Cash to his "Defendant Accomplices" to prevent plaintiffs from collecting on their judgment.

None of these allegations provide adequate detail to comply with Rule 9(b) by putting defendants "on notice of the precise misconduct with which [they are] charged." *Frederico*, 507 F.3d at 200 (internal quotation marks and citation omitted). Plaintiffs' assertion that Martucci conspired with other defendants is conclusory, and plaintiffs detail neither the circumstances of defendants' agreement to violate the Act, nor the timing, amounts, or locations of the fraudulent transfers. The District Court therefore properly dismissed plaintiffs' conspiracy claim.

Plaintiffs further contend that the District Court abused its discretion in denying their motion to amend, arguing that the amendment was not futile because they pleaded

8

plausible fraudulent-transfer and conspiracy claims. But the proposed fifth amended complaint does not make any new allegations against any defendants besides Gary and William Martucci. Thus the District Court could not have abused its discretion with respect to the claims against the other defendants. As to the allegations against the Martuccis, plaintiffs added only that Gary received $7.7 million from his brother, William, and signed checks for almost $1 million for William, himself, and his codefendants. Based on these allegations, the District Court correctly concluded that plaintiffs did not provide enough facts to state plausible fraudulent-transfer and conspiracy claims. These assertions do not adequately describe the alleged fraudulent conveyance, nor any agreement to violate the Act.

Finally plaintiffs incorrectly assert that the District Court erred by dismissing their conspiracy and fraudulent-transfer claims against "the nonmoving and defaulted defendants." As to the "nonmoving" defendants (ATM Management De Puerto Rico, Inc. and ATM Management, Inc.), plaintiffs never served them with a summons as required by Rule 4(h) and therefore the Court lacked jurisdiction over these defendants. And regarding the "defaulted" defendants, while the clerk entered preliminary orders of default, plaintiffs never obtained default judgment against them as required by Rule 55(b)(2).

We have considered plaintiffs' other arguments, and none has merit.

III.

For the foregoing reasons, we will affirm the judgment.

9